UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-21882-Civ-WILLIAMS/TORRES

TITLE CAPITAL MANAGEMENT, LLC,

  Plaintiff,

v.

PROGRESS RESIDENTIAL, LLC,
a Delaware limited liability company,
f/k/a Fundamental REO, LLC;
FREO FLORIDA, LLC, a Delaware limited
liability company; JOHN DOE 1,
an individual; JOHN DOE 2,
an individual; JAMES E. ALBERTELLI, P.A.,
a Florida professional association;
JAMES E. ALBERTELLI, an individual; and
JONATHAN D. SAWYER, an individual,

  Defendants.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court upon the Defendants', Progress Residential LLC and FREO Florida, LLC, Motion to Dismiss [D.E. 25] Counts twelve (12) and thirteen (13) of the Plaintiff's Amended Complaint [D.E. 21]. More specifically, these Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the basis that (1) the claims are barred pursuant to Florida's compulsory counterclaim rule, (2) there is no valid and enforceable contract between Plaintiff and Defendant, (3) the Court should not exercise supplemental jurisdiction where duplicative claims are pending in state court, and (4) the Court should abstain from

1

hearing duplicative claims pending in another court pursuant to the *Colorado River* doctrine. After careful consideration of the motion, response, reply, and relevant authority, and for the reasons discussed below, Defendants' Motion to dismiss Counts twelve (12) and thirteen (12) should be **GRANTED**.

## I.   BACKGROUND

In November 2012 Title Capital Management ("Plaintiff") entered into a written contract with Progress Residential, LP ("Progress") through which Plaintiff would provide foreclosure auction services on behalf of Progress in the state of Florida.[1] [D.E. 25 at 4]. Plaintiff created bid sheets with a preloaded formula that would compute data and calculate the maximum authority and bid price that the foreclosure auction agents had to bid on any particular property. *Id*. Once the bid sheets were complete, Plaintiff was given the authority to purchase certain properties on Progress's behalf. *Id*. Though the written contract was between Plaintiff and Progress, Progress's subsidiary, FREO Florida, LLC ("FREO"), purchased all of the properties acquired under the contract. *Id*. It was also stipulated in the contract that Plaintiff receive four (4) percent commission on each property that was successfully acquired. *Id*.

On September 23, 2013, Progress filed a state court claim for breach of contract against Plaintiff alleging fraud and misrepresentation. *Id*. at 5. Plaintiff filed a counterclaim for breach of contract against Progress and all issues relating to the contract have been litigated for the past three (3) years in state court. *Id*.

---

[1]   Progress Residential, LP is not the same entity as any of the defendants in this case. It is not the same as FREO Florida, LLC or as Progress Residential, LLC.

During that time, Progress attempted to assign the contract agreement to Defendant. *Id.* at 7. Plaintiff argues it did not become aware of the assignment until July 2016. [D.E. 33 at 13]. At that time, there existed an ongoing federal action in which Plaintiff brought a copyright infringement claim against Defendant in May 2016. *Id.* As such, Plaintiff amended its complaint against Progress to include a breach of written contract claim and breach of verbal contract claim on the assumption that Defendant is now the assignee of the original written contract. *Id.* There is a dispute between Plaintiff and Defendant as to whether the state court found the assignment to be valid. *Id.* Nevertheless, the state court action has yet to reach a final judgement. *Id.*

## II.   MOTION TO DISMISS STANDARD

This Court must view the Amended Complaint in the light most favorable to the Plaintiff when ruling on a motion to dismiss. *See, e.g., Jackson v. Okaloosa Cnty. Fla.*, 21 F.3d 1531, 1544 (11th Cir. 1994). The facts set forth in the Plaintiff's Amended Complaint must be accepted as true and this Court must limit its consideration to the pleadings and exhibits attached. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228. 1231 (11th Cir. 2000) (citing *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds for this entitle[ment] to relief requires more than labels and conclusions . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citation omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . ." *Iqbal*, 556 U.S. at 678. "Naked assertions devoid of further factual enhancement will not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 557). It is factual content that gives a claim facial plausibility. *Id.* (holding that plaintiff's complaint failed to state a claim because it lacked "sufficient facts"). A complaint should survive a motion to dismiss if it should survive a motion to dismiss if it "nudge[s] the] claim across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable."). "[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

### III.   ANALYSIS

Defendants seek to dismiss Counts twelve (12) and thirteen (13), the breach of written contract claim and the breach of verbal contract claim, and first argues that such claims are compulsory counterclaims that must be raised in the current state court action between Plaintiff and Progress. The Federal Rules of Civil Procedure ("The Federal Rules") dictate what constitutes a compulsory counterclaim:

> A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
> (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a)(1).  Defendants argue that the claims be dismissed as they are based on the same contract and deal with the same exact issues being litigated in the state court action between Plaintiff and Progress, citing as support *Puff'N Stuff of Winter Park, Inc. v. Fed. Trust Bank, F.S.B.*, 945 F. Supp. 1523 (M.D. Fla. 1996), (finding that the federal RICO claim arose "from the same nucleus of operative fact upon which the state counterclaim was grounded" and therefore holding that the claims were compulsory counterclaims that should have been raised in original state court foreclosure action), *aff'd without opinion,* 129 F.3d 616 (11th Cir. 1997).

Plaintiff concedes that the breach of contract claims here arise from the same nucleus of facts as the breach of contract claims being litigated in state court, but argues that claims against third parties are never compulsory.  Relying on *Lewis v. Marinosci Law Group, P.C.* as support, Plaintiff contends that, because co-defendant FREO is not party to the state court action but is a party here, Defendants' argument for dismissal must fail.  2013 WL 5789183, at *2 (S.D. Fla. Oct. 29, 2013) (citing Rule 14 of the Federal Rules to find that claims against third parties are not compulsory and therefore denying the defendant's motion to dismiss on the grounds that Plaintiff's claims were compulsory counterclaims).

While it is true that FREO is not literally identical to the plaintiff – Progress – in the state court action, both companies share a close identity in that Progress is the parent company to FREO.  Whether this close corporate privity allows for these Defendants to both raise Rule 13(a) as a defense is an issue that our Circuit has not resolved.  The Eleventh Circuit court touched upon it briefly in the case of *Hurt v.*

5

*Pullman Inc.*, 764 F.2d 1443 (11th Cir. 1985). Like the set of facts here, in *Hurt* the plaintiff, who sought recovery of disability benefits, filed an ERISA claim against his employer and Pension Plan. *Id.* at 1446. The federal claim, however, was filed after the employer sued the plaintiff in state court in order to settle the same dispute of continuing compensation in light of plaintiff's disability. *Id.* A judgment was also entered in favor of the employer. *Id.* Pension Plan, therefore, moved for dismissal in the federal court action on the grounds that the claim should have been brought in the state court action as a compulsory counterclaim. *Id.* The district court granted the motion on the basis that the claims were compulsory counterclaims and also on the principle of *res judicata*. *Id.*

On appeal, the Eleventh Circuit reversed in part the lower court's grant of the motion by finding that Pension Plan lacked privity with the plaintiff's employer for the principle of *res judicata* to apply. *Id.* at 1447. Furthermore, the opinion declined to answer the question as to whether the term "opposing party" includes parties in privity to the named plaintiff under Rule 13(a). The finding of lack of privity made answering that question unnecessary. *Id.* at 1451 n.7

In the absence of binding Circuit authority, we turn to other circuits for persuasive guidance. Upon doing so we find that "opposing party" under Rule 13(a) is read rather broadly by the few courts that have dealt with the issue. The Third Circuit, for instance, has held that a party in privity to a named plaintiff qualifies as "opposing party" within the meaning of Rule 13(a), even if that party was not

6

named in the litigation. *See Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384 (3d Cir. 2002).

The facts in *Transamerica* are nearly identical to this case. The defendant filed a motion to dismiss in the New Jersey District Court, arguing that plaintiff's claim were compulsory counterclaims that should have been brought in an ongoing district court action in Texas. *Id.* at 387. The New Jersey District Court noted that the two actions arose from the same contract in dispute and from the same nucleus of operative facts. *Id.* The district court found the defendant, an insurance company assuming all obligations of the named plaintiffs in the Texas action, to have privity with those plaintiffs. *Id.* Thus, though the defendant was not named as a party in the original action in Texas, it is included in the term "opposing party" under Rule 13(a). *Id.* As such, the district court granted the motion and the Third Circuit affirmed. *Id.* The Third Circuit reasoned that to construe the term "opposing party" liberally would "give effect to the policy rationale of judicial economy underlying Rule 13." *Id.* at 391. With both the New Jersey and Texas actions arising from the same contract dispute, duplicative resources and time would be spent litigating essentially one issue. *Id.*

Further support for this view can be found in the Second Circuit, which has also held that the meaning of "opposing party" under Rule 13(a) includes parties in privity with the named plaintiff. *See Banco Nacional de Cuba v. First Nat. City Bank of New York*, 478 F.2d 191 (2d Cir. 1973) (finding counterclaim against Republic of China to be proper, despite that the fact that named plaintiff is Cuban

7

National Bank; holding that bank and government are one and the same and thus government is an "opposing party" under Rule 13(a)).

We find this appellate authority to be highly persuasive for our purposes. Hence the Defendants' argument, based on the decisions from the Third and Second Circuit, stands on firm footing. This Court finds that, as the subsidiary to the original plaintiff in the state court action, privity exists between FREO and Progress. Following the reasoning of *Transamerica*, we find that FREO is included in the meaning of the term "opposing party" under Rule 13(a). Thus, breach of contract claims, Counts twelve (12) and thirteen (13), are compulsory counterclaims that should have been asserted in the ongoing state court action between Progress and Plaintiff. And FREO stands in the same shoes as Progress under Rule 13(a) for this purpose.

Consequently, these same claims cannot now be asserted in this separate case under the established rule that, if a court determines as a matter of law that a counterclaim is compulsory in nature, a party's failure to raise the counterclaim in earlier litigation constitutes a waiver of the claim. *See, e.g., Yost v. American Nat'l Bank,* 570 So. 2d 350, 352 (Fla. 1st DCA 1990). And that Rule has particular application where, as here, a party seeks to resuscitate a claim in federal court having failed to preserve it in state court. *See Southern Construction Co., Inc. v. Pickard,* 371 U.S. 57, 60 (1962) ("The requirement that counterclaims arising out of the same transaction or occurrence as the opposing party's claim 'shall' be stated in the pleadings was designed to prevent multiplicity of actions and to achieve

resolution in a single lawsuit of all disputes arising out of common matters. The Rule was particularly directed against one who failed to assert a counterclaim in one action in which that counterclaim became the basis of the complaint."); *Cleckner v. Republic Van & Storage Co.,* 556 F.2d 766, 772 (5th Cir. 1977) ("It is never pleasant to apply the bar against claims not raised as compulsory counterclaims, but the goal of eliminating repetitive litigation from overcrowded courts can only be accomplished by compelling all related claims to be brought at one time."); *Nippon Credit Bank, Ltd. v. Matthews,* 291 F.3d 738, 755 (11th Cir. 2002) ("Compulsory counterclaims which are not brought are 'thereafter barred.' ") (quoting *Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, 469 n.1 (1974)).[2]

## IV. CONCLUSION

For the foregoing reasons, it is hereby **RECOMMENDED** that Defendants' Motion to Dismiss [D.E. 25] be **GRANTED**. Breach of contract claims, Counts XII and XIII, as against both Defendant Progress and FREO, should be **DISMISSED**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions

---

[2] With this finding, on an issue that is straightforward and dispositive, we decline to address the merits of the other grounds for dismissal presented by Defendant.

included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 8th day of August, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge